UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        CRIMINAL NO. 12-20218

       v.                                  HON. LAWRENCE P. ZATKOFF

D-11 TIMOTHY MICHAEL SANDERS,

        Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion to Schedule Defendant Timothy Sanders for a Joint Trial and to Determine Excludable Delay under the Speedy Trial Act (Docket #159). The Government sought concurrence from Defendant Timothy Sanders ("Sanders") with respect to the motion, but concurrence was denied. Sanders' counsel, however, has informed the Court that: (a) Sanders does not concur with the Government's motion, but (b) will not be filing a response in opposition to the motion. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the Government's papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the papers submitted, without this Court entertaining oral arguments.

For the reasons set forth below and in the Government's motion and accompanying brief, all of which are undisputed, the Court holds that: (1) Sanders will be tried with

Defendant Timothy Carpenter ("Carpenter") on December 3, 2013, and (2) the time between October 3, 2013 and the new final plea cut-off date of October 29, 2013, constitutes excludable delay under the Speedy Trial Act.

## I. RELEVANT FACTS

The Court specifically notes the following facts that serve as the basis for the Court's conclusions.

1. On July 26, 2013, defendant Timothy Sanders was arraigned on the Fourth Superseding Indictment charging him, along with Carpenter, Sedric Bell-Gill and Patrick Heard with various inter-related robberies of cellular telephone stores and attendant firearm charges.

2. Carpenter has had an established trial date of December 3, 2013 for several months.

3. Sanders and his counsel have been aware of the December 3, 2013 trial date for more than two months – and that if Sanders were to go to trial, he would be tried at a joint trial with (at least) Carpenter on December 3, 2013.

4. Following Sanders' arraignment, counsel for the government and Sanders' counsel engaged in plea negotiations. Prior to the initial plea cut-off date of August 29, 2013, Sanders asked for and received an extensions of the plea cut-off date in order to review discovery materials and consider the Government's plea offer. The plea cut-off dates were ultimately extended to October 3, 2013, after all parties stipulated that the time was excludable delay for purposes of

       the Speedy Trial Act and this Court entered an order to that effect.

5. Due to unforeseen circumstances, the Court was unavailable to conduct the plea hearing on October 3, 2013.

6. Sanders has not moved to sever his case from the other co-defendants.

7. There are many other defendants who have been charged and pled guilty in this case; five of those defendants are expected to testify at trial and their sentencing have been delayed so that the Government and the Court can consider whether their testimony might impact the sentences to be recommended for and imposed upon such defendants, respectively.

8. Sanders is a state prisoner whose custody status is not affected by this case and who is facing a very lengthy sentence in this case, if convicted.

## II. ANALYSIS

**A. Joint Trial**

Based on the facts set forth above, the Court finds that there are a number of compelling reasons exist to try Sanders and Timothy Carpenter together:

    A. Prevention of unnecessary delay;

    B. Conservation of judicial and government resources;

    C. Reducing the enormous burden on witnesses and victims imposed by multiple trials;

    D. Increasing fairness to all defendants; and

    E. Avoiding possible inconsistent verdicts by different trials and juries.

As the Sixth Circuit has explained:

> [A] strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts. Society has an interest in speedy and efficient trials. Separate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures. Moreover, the risk of prejudice to defendants in a joint trial is presumably low, because juries are presumed capable of sorting evidence and considering separately each count and each defendant.

*United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (internal citations omitted). A single trial would not only serve the instruction of the Sixth Circuit, but would significantly conserve judicial and government resources by eliminating weeks of trial time that would otherwise be required for the government to present "the same evidence again and again." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). Similarly, a single trial would reduce the burden and trauma on witnesses and victims. A joint trial would also enhance the reliability and fairness of the jury's determinations by leveling the playing field among the two co-defendants, rather than "randomly favoring the last-tried defendant." *Id.* Moreover, a joint trial will guard against prejudice for both sides by avoiding the problem of being tried alongside an "empty chair." *See United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008); *United States v. Davidson*, 936 F.2d 856, 861 (6th Cir. 2005).

For the reasons stated above, the Court grants Government's motion to have Sanders tried jointly with Carpenter.

**B.     Speedy Trial Act**

As to whether the time between October 3, 2013 and the new plea cut-off date of October 29, 2013 should be excludable delay, the Court finds that there are two reasons for

4

making such a finding. First, the delay is attributable to the unforeseen availability of the Court to conduct the plea conference on October 3, 2013 and the October 29, 2013 date being the first date such plea conference could be conducted. Second, the parties continue to engage in plea negotiations, counsel for Sanders continues to say he needs discovery in order for Sanders to determine whether to plead guilty, and the parties have yet to specify to the Court what their intentions are with respect to the plea conference.

In addition, the Speedy Trial Act supports a finding that the period between up to the December 3, 2013 trial should be treated as excludable delay based on the benefits inherent to a joint trial, for the reasons stated in parts A-E above. For example, the Speedy Trial Act provides excludable delay for: "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. §3161(h)(6). The Speedy Trial Act also excludes delay "resulting from any proceeding." §3161(h)(1)(A). Plea negotiations constitute "other proceedings concerning the defendant" within the meaning of 18 U.S.C. § 3161(h)(1)(A), *see United States v. Dunbar,* 357 F.3d 582, 593 (6th Cir. 2004); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987). Significantly, counsel for Sanders has admitted that he has engaged in plea negotiations with the Government and, in fact, is still considering the Government's proposed resolution of this matter.

Finally, an additional valid basis for scheduling a joint trial with Sanders and Carpenter on December 3, 2013 is the Government's understandable desire to have continuity of counsel and to have sufficient time to competently prepare the case for trial

without risking a miscarriage of justice. The Speedy Trial Act also provides for this circumstance, as Section 3161(h)(7)(B)(I) states that the Court may consider whether the failure to grant a requested continuance would "result in a miscarriage of justice" and whether the failure to grant the continuance "would unreasonably deny . . . the Government continuity of counsel" or "the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

For the reasons stated above, the Court grants Government's motion to have the period of time between October 3, 2013 and December 3, 2013 treated as excludable delay under the Speedy Trial Act.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS the

Government's Motion to Schedule Defendant Timothy Sanders for a Joint Trial and to Determine Excludable Delay under the Speedy Trial Act (Docket #159).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2013