**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 12-cr-20218
                                             Hon. Sean Cox

v.

TIMOTHY MICHAEL SANDERS,

        Defendant.

_____/

**DEFENDANT TIMOTHY SANDERS'**
**MOTION IN LIMINE TO SUPPRESS CELL PHONE DATA**

NOW COMES Defendant Timothy Sanders, by and through his attorney, S. Allen Early, and moves in limine to suppress cell phone data for cell phone number (313) 579-8507 for the reason that said data was obtained in violation of the Fourth Amendment to the United States Constitution.  In support of this Motion, Defendant states as follows:

1.      Defendant is charged with two counts of robbery and two counts of aiding and abetting a Section 924(c) gun brandishing charge in violation of 18 U.S.C. §§ 1951 and 924(c).  Counts 5 and 6 relate to a Detroit robbery and gun charge.  Counts 7 and 8 relate to a Warren, Ohio robbery and gun charge.  The remaining 10 counts of the 14 count indictment charge the co-defendant at trial, Timothy Carpenter, with other robberies and gun charges in Detroit.

2.      During the month of November, 2013, the government supplied defense counsel with documentation regarding various cell phone data for telephone numbers (313) 579-8507 and (313) 412-6845.  This data consists of details such as number called, calling number, time, purported cell tower location GPS data and the like,

whether the phone was in active use or not, obtained from the pertinent cell phone company.  Based on this data the government's expert has prepared a report and maps asserting that both cell phones were used in Warren, Ohio on the day of the Ohio robbery.  The government allegation is that although the phones were not used at the location of the robbery, they were used at another location in Warren, Ohio.[1]

3.     The government obtained a court order under the Stored Communications Act ("Act") which allowed it to acquire the cell phone data referenced above from the cell phone companies.  See 18 U.S.C. §§ 2703(c) and 2703(d).  The Order is attached hereto as Exhibit A.  The defense does not yet have a copy of the government's request to the Court to obtain the Order.

4.     The government requested and obtained cell phone data for the period December 1, 2010 through May 2, 2011, for cell phone number (313) 578-8507.

5.     No probable cause standard or determination was made or used in connection with the Court Order to disclose cell phone data and as such the data was obtained in violation of the Fourth Amendment to the United States Constitution.  In addition, upon information and belief, the § 2703(d) Order was obtained in violation of the Act because "reasonable grounds" were not presented to obtain the Order.  Moreover, Defendant asserts that Sections 2703(c)(1)(B) and 2703(d) of the Act are unconstitutional and violate the Fourth Amendent as set forth in the attached memorandum.

---

[1]According to the government there is no cell phone data to be used as evidence as to the Detroit robbery charged in Counts 5 and 6.

6.      This Motion relates to cell phone number (313) 579-8507 only as the government does not contend that Defendant Sanders is a user of cell phone number (313) 412-6845.  Defendant Sanders does assert standing to bring this Motion.

WHEREFORE Defendant does respectfully request that the Court grant this Motion in limine to suppress evidence.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY


 /s/ S. Allen Early
S. Allen Early (P13077)
Attorney for Defendant Sanders
65 Cadillac Square, Suite 2810
Detroit, MI 48226
(313) 962-2320

Date: November 21, 2013

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                           Case No. 12-cr-20218
                                            Hon. Sean Cox

v.

TIMOTHY MICHAEL SANDERS,

      Defendant.
_____/

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE TO SUPPRESS CELL PHONE DATA**

Historical (as opposed to real time) cell phone data is available under the Stored Communications Act ("Act"), 18 U.S.C. § 2703 et seq., only, with exceptions not present here, when law enforcement obtains a court order under §§ 2703 (c)(1)(B) and 2703(d) of the Act or a warrant as specified in § 2703(c)(1)(a) of the Act.  The 2703(d) standard of proof required for a court order under § 2703(c)(1)(B) is:

> (d) Requirements for court order.  A court order for disclosure…shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that…the records or other information sought, are relevant and material to an ongoing criminal investigation.  N84.

In this case, the Order, Exhibit A, did not use a probable cause standard, and relied solely on the reasonable grounds standard set forth in the Act.

Defendant contends that the reasonable grounds standard set forth in the Act and Order is unconstitutional.  The Fourth Amendment protects the right of the people from unreasonable searches and seizures.  Fourth Amendment protections extend to people in areas of life where they have a reasonable expectation of privacy.  Katz v

United States, 389 U.S. 347, 361 (1967).[2]   Fourth Amendment protection cannot be claimed for information knowingly exposed to the public.   Id. at 351.   The Fourth Amendment makes warrantless searches performed without a probable cause determination per se unreasonable, with exceptions not relevant here.   Arizona v Gant, 556 U.S. 332 (2009).   Thus, Defendant Sanders does assert a Fourth Amendment challenge to the cell phone data at issue in this case.

There is a split in authority regarding this issue.   The court in In re Application, 747 F.Supp.2d 827, at 836-37 (S.D. Tex. 2010), appeal pending, held that the warrantless seizure of two months' worth of cell phone tracing data was unreasonable because the phone user has a reasonable expectation of privacy in prolonged surveillance information.   This court also rejected the notion that there was any voluntary conveyance of information to the cell phone company by the user because the information is generated automatically by the cell sites.   The Texas court relied heavily upon a D.C. Circuit opinion in United States v Maynard.[3]   Also see In re Application of U.S., 736 F.Supp.2d 578 (E.D.N.Y. 2010) (holding that historical cell phone data is protected by the Fourth Amendment).   The Sixth Circuit has not yet ruled on this issue and neither has the Supreme Court.

In contrast, two other courts have held that there is no reasonable expectation of privacy in cell phone data because users voluntarily convey the information to the cell

---

[2]Defendant Sanders hereby asserts a reasonable expectation of privacy with respect to cell phone data from usage of cell phone number (313) 579-8507.

[3]United States v Maynard, 615 F.3d 544, 558 (D.C. Cir. 2010) (holding 24 hour surveillance over a month long period with a warrantless GPS installed on car violates 4th Amendment because a person has a reasonable expectation of privacy.

company and thus no warrant is required.[4] See United States v Benford, 2010 WL 1266507 (N.D. Ind. June 8, 2010); Suavez-Blanca, 2008 WL 4200156.[5]

In the present case, the government requested prolonged surveillance information for a six(6) month period. Such a wide ranging and prolonged request violates the Fourth Amendment.[6] In addition, Defendant submits that the cell phone data should be suppressed because the government did not present sufficient "reasonable grounds" information to obtain the § 2703(d) Order.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY

/s/ S. Allen Early
S. Allen Early (P13077)
Attorney for Defendant Sanders
65 Cadillac Square, Suite 2810
Detroit, MI 48226
(313) 962-2320

Date: November 21, 2013

---

[4]Defendant is requesting that the Court allow defendants to present testimony to counter the allegation made by some courts that users voluntarily convey cell phone data to cell phone companies. See 747 F.Supp2d 827, where such evidence was considered and accepted by the Court.

[5]The Third Circuit has held that the Act creates a "sliding scale" under § 2703(d) whereby a magistrate judge could, at his discretion, require the government to obtain a warrant or Section 2703(d) Order. In re Application of the United States, 620 F.3d 304 (3rd Cir. 2010). In this case no sliding scale was utilized by the magistrate judge. Also, the defense does not have the government request to the Court for a Section 2703(d) Order. This information is necessary to create a record of what the government represented in support of its request for an Order and to determine if the government presented "reasonable grounds" to the Court in support of its request for a § 2703(d) Order. Defendant does hereby, upon information and belief, assert that no reasonable grounds were presented to the magistrate in support of its 2703(d) request. Thus, the cell phone data should be suppressed on this ground also.

[6]Also see In re Application, 2011 WL 679925 (E.D. N.Y. 2011) (court holds that continuous monitoring over long periods of time raises privacy concerns while request for historical data consisting of 2 or 3 days does not raise same privacy concerns).

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2013, that the foregoing document was electronically filed this date and served electronically.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY

/s/ S. Allen Early
S. Allen Early (P13077)
Attorney for Defendant Sanders
65 Cadillac Square, Suite 2810
Detroit, MI 48226
(313) 962-2320

Date: November 21, 2013